

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

'98 MAR 18 AM 10:55

JAMES R. MANSPEAKER CLERK

_____ DEP. CL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 98-WY-528

STEPHEN MILES,

      Plaintiff,

v.

JOHN RAMSEY, NATIONAL ENQUIRER, INC., JOHN SOUTH, DAVID WRIGHT, and JOHN DOES NOS. 1 - 20,

      Defendants.

---

## ANSWER OF NATIONAL ENQUIRER, INC.

---

Defendant National Enquirer, Inc. (the "Enquirer"), by and through counsel and in response to the Complaint filed by plaintiff Stephen Miles, states as follows:

### GENERAL ALLEGATIONS

1.    The Enquirer is without personal knowledge sufficient to admit or deny the allegation of paragraph 1 and for that reason it is denied. The Enquirer is informed and believes, however, that Miles is a resident of Boulder County.

2.    The Enquirer is without personal knowledge sufficient to admit or deny the allegations of paragraph 2 and for that reason denies them. The Enquirer is informed and believes, however, that Ramsey is a resident of Georgia.

3.    Admitted that the Enquirer is a Florida corporation doing business nationally, including in the State of Colorado. Admitted that the Enquirer publishes *National Enquirer*.

Admitted that the Enquirer employs John South and David Wright. Admitted that the challenged articles contain information gathered in Boulder, Colorado. Admitted that issues of *National Enquirer* containing the challenged articles were distributed in Boulder, Colorado. Denied that the challenged articles are false and defamatory. The remainder of paragraph 3 states a legal conclusion as to which no response is required.

4. Admitted that John South is employed by the Enquirer. Admitted that South worked on the October 21, 1997 article that is the subject of this suit. Denied that the October 21 article is false and defamatory. Admitted that issues of *National Enquirer* containing the October 21 article were published and circulated nationwide.

5. Admitted that David Wright is employed by the Enquirer. Admitted that Wright worked on the October 21, 1997 and November 11, 1997 articles that are the subject of this suit. Denied that the October 21 and November 11 articles are false and defamatory. Admitted that issues of *National Enquirer* containing the October 21 and November 11 articles were published and circulated nationwide.

6. The Enquirer is without personal knowledge sufficient to admit or deny the allegations of paragraph 6 and for that reason denies them.

7. The Enquirer is without personal knowledge sufficient to admit or deny the allegations of paragraph 7 and for that reason denies them.

8. Paragraph 8 states only legal conclusions as to which no response is required. To the extent that paragraph 8 contains any factual allegations, they are denied.

9. The Enquirer is without personal knowledge sufficient to admit or deny the allegations of paragraph 9 and for that reason denies them.

10. Admitted that a true and correct copy of the October 21, 1997 article that is the subject matter of this suit is attached to the Complaint as Exhibit "A." The October 21 article speaks for itself.

11. Denied that the October 21 article is false and defamatory. The article speaks for itself.

12. Admitted that a true and correct copy of the November 11, 1997 article that is the subject matter of this suit is attached to the Complaint as Exhibit "B." Denied that the November 11 article is false and defamatory. The article speaks for itself.

13. Admitted that Wright and South are employed by the Enquirer. Admitted that Wright and South worked on one or both of the challenged articles. Denied that the articles are false and defamatory. Denied that Wright or South acted with malice, or reckless disregard for the truth, or without regard for any possible impact publication of the articles might have on Miles.

14. Denied.

15. Denied.

## PLAINTIFF'S FIRST CAUSE OF ACTION
## LIBEL BY RAMSEY

16. Miles' First Cause of Action pertains to Ramsey. No response by the Enquirer is required.

## PLAINTIFF'S SECOND CAUSE OF ACTION
## SLANDER BY RAMSEY

17. Miles' Second Cause of Action pertains to Ramsey. No response by the Enquirer is required.

### PLAINTIFF'S THIRD CAUSE OF ACTION
### LIBEL BY ENQUIRER

18. Denied.

### PLAINTIFF'S FOURTH CAUSE OF ACTION
### LIBEL BY SOUTH

19. Miles' Fourth Cause of Action pertains to South. No response by the Enquirer is required.

### PLAINTIFF'S FIFTH CAUSE OF ACTION
### SLANDER BY SOUTH

20. Miles' Fifth Cause of Action pertains to South. No response by the Enquirer is required.

### PLAINTIFF'S SIXTH CAUSE OF ACTION
### LIBEL BY WRIGHT

21. Miles' Sixth Cause of Action pertains to Wright. No response by the Enquirer is required.

### PLAINTIFF'S SEVENTH CAUSE OF ACTION
### SLANDER BY WRIGHT

22. Miles' Seventh Cause of Action pertains to Wright. No response by the Enquirer is required.

### PLAINTIFF'S EIGHTH CAUSE OF ACTION
### OUTRAGEOUS CONDUCT BY DEFENDANTS, AND EACH OF THEM

23. Paragraph 23 states only legal conclusions as to which no response is required. To the extent paragraph 23 contains any factual allegations pertaining to the Enquirer, they are denied.

## PLAINTIFF'S NINTH CAUSE OF ACTION
## DEFENDANTS, AND EACH OF THEM, INTENTIONALLY INFLICTED
## EMOTIONAL DISTRESS UPON PLAINTIFF

24. Paragraph 24 states only legal conclusions as to which no response is required. To the extent paragraph 24 contains any factual allegations pertaining to the Enquirer, they are denied.

Any and all factual allegations not specifically and expressly admitted are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Enquirer sets forth the following defenses and affirmative defenses. The Enquirer does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, plaintiff bears the burden.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The challenged articles are protected and privileged under the United States Constitution, the Colorado Constitution, Colorado common and statutory law, and federal common law.

### Third Defense

The challenged articles are true or substantially true.

### Fourth Defense

Some or all of the statements complained of are not defamatory.

### Fifth Defense

The challenged articles were published without actual malice.

### Sixth Defense

The challenged articles were published in good faith and without negligence or fault.

### Seventh Defense

The statements complained of are nonactionable opinion based on disclosed fact.

### Eighth Defense

The statements complained of are nonactionable opinion because they are not provably false.

### Ninth Defense

The challenged articles constitute privileged fair comment on matters of public interest.

### Tenth Defense

Miles has suffered no damages from the publication of the statements about which he complains.

### Eleventh Defense

Miles does not plead with requisite specificity a claim for special damages.

### Twelfth Defense

Miles does not plead facts sufficient to support a claim for exemplary damages.

### Thirteenth Defense

Miles' claim for exemplary damages is barred or limited by the United States Constitution, the Colorado Constitution, and applicable Colorado statutes.

### **PRAYER**

WHEREFORE, defendants pray for judgment as follows:

    a.    dismissal of the Complaint with prejudice;

b. an award of costs and attorney's fees to the maximum extent permitted by law; and

c. such other relief as the Court may deem proper.

Dated: March 18, 1998.

DAVIS, GRAHAM & STUBBS LLP

By /s/ Andrew M. Low
Andrew Low
370 Seventeenth Street, Suite 4700
P.O. Box 185
Denver, Colorado 80201-0185
Tel: (303) 892-9400
Fax: (303) 893-1379
**D.C. Box No. 03**

WILLIAMS & CONNOLLY
   Gerson A. Zweifach
   Steven M. Farina
   Matthew J. Herrington
725 - 12th Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

Attorneys for defendant National Enquirer, Inc.

Address of Defendant National Enquirer, Inc.:

600 East Coast Avenue
Lantana, Florida 33464

-7-

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on March 18, 1998, a copy of the foregoing **ANSWER OF NATIONAL ENQUIRER, INC.** was served by first class mail upon:

    Lee Hill, Esq.
    P.O. Box 21181
    Boulder, CO 80308

    Dennis L. Blewitt, Esq.
    1790 30th Street -- No. 305
    Boulder, CO 80301

    William R. Gray, Esq.
    Purvis, Gray, Schuetze & Gordon
    1050 Walnut Street, Suite 501
    Boulder, CO 80302

    *[Signature: Bonnie West]*