

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 98-WY-528

STEPHEN MILES,

    PLAINTIFF,

v.

JOHN RAMSEY, NATIONAL ENQUIRER, INC., JOHN SOUTH, DAVID WRIGHT, and JOHN DOES NOS. 1 - 20,

    DEFENDANTS.

---

### DEFENDANT RAMSEY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR LIBEL, SLANDER AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND JURY DEMAND

---

COME NOW the Defendant, John Ramsey, by and through his counsel of record, White & Steele, P.C. and submits the foregoing Answer to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint and all claims therein fail to state a claim of cause of action recognized under Colorado law.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant hereby admits the allegations contained in paragraphs 1 and 2 of Plaintiff's Complaint.

3. Defendant hereby denies the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 23 and 24 of Plaintiff's Complaint.

4. Defendant is without sufficient information or knowledge to admit the allegations contained in paragraphs 3, 4, 5, 18, 19, 20, 21 and 22 of Plaintiff's Complaint and therefore denies same.

5. Defendant denies all allegations of the Plaintiff's Complaint not specifically admitted herein. Defendant denies making the statements alleged.

### THIRD AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the doctrines of fair comment.

### FOURTH AFFIRMATIVE DEFENSE

7. Defendant's statements, if any, and the statements published were protected as they were true or "substantially true."

### FIFTH AFFIRMATIVE DEFENSE

8. Any damages sustained by the Plaintiff were not caused by the fault or acts of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

9. Any statements made by the Defendants were legally protected opinions.

### SEVENTH AFFIRMATIVE DEFENSE

10. Any statements made by the Defendants were rhetorical and the context and format in which the statements were made cannot be understood in a literal sense as factual assertions related to this Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

11. There was no intent or malice on the part of the Defendant.

### NINTH AFFIRMATIVE DEFENSE

12. Plaintiff's reputation was not injured by the Defendant's conduct.

### TENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are frivolous and groundless thereby entitling the Defendants to an award of attorneys fees from Plaintiff and Plaintiff's counsel.

## ELEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff's injuries or losses, if any, have been caused by the Plaintiff's own actions or acts of third-parties over whom the Defendant had no control or right of control.

## TWELFTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to mitigate his damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

16. Any statements made by the Defendants were and are subject to absolute and qualified privileges. The statements pertained to a matter of public interest and law enforcement investigation.

## FOURTEENTH AFFIRMATIVE DEFENSE

17. Any statements made by the Defendants are protected by qualified privileges because the Defendants are entitled to defend their own actions, property or reputation.

## FIFTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims fail as a matter of law because any statements made by this Defendant were not defamatory as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims against this Defendant fail because the Plaintiff has not suffered any special or actual damage.

## SEVENTEENTH AFFIRMATIVE DEFENSE

20. Any statements made by the Defendant are protected by the First Amendment of the United States Constitution, the Colorado Constitution and other common laws, statutory laws and federal laws protecting speech.

## EIGHTEENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims for exemplary damages are barred or limited by the United States Constitution, the Colorado Constitution and applicable Colorado statutes.

## NINETEENTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred in part or in whole because the Plaintiff has published and republished all alleged statements and therefore has consented and participated in the public dissemination of this information. His claims are therefore barred by doctrines of consent, waiver and estoppel.

WHEREFORE, Defendant having fully answered Plaintiff's Complaint prays that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of the Defendant, for costs including attorneys' fees, expert witness fees and for such other and further relief as the Court may deem just and proper.

**DEFENDANT HEREBY DEMANDS A TRIAL TO A JURY OF SIX PERSONS.**

Dated this 13 day of April, 1998.

WHITE AND STEELE, P.C.

By: _____
John P. Craver
Claire Diaz
1225 17th Street, Suite 2800
Denver, CO 80202-5528
(303) 296-2828

PURVIS, GRAY, SCHUETZE & GORDON
William R. Gray
1050 Walnut Street, #501
Boulder, Colorado 80302

ATTORNEYS FOR DEFENDANT RAMSEY

CERTIFICATE OF MAILING

I hereby certify that on this 13th day of April, 1998, a true and correct copy of the foregoing was deposited in the U.S. mail, postage prepaid properly addressed to:

Andrew M. Low, Esq.
P.O. Box 185
370 Seventeenth Street, Suite 4700
Denver, Colorado 80201-0185

William R. Gray, Esq.
1050 Walnut Street, Suite 501
Boulder, Colorado 80302

Gerson A. Zewifach, Esq.
Steven M. Farina, Esq.
Matthew J. Herrington, Esq.
Williams & Connolly
725 - 12th Street, N.W.
Washington, D.C. 20005

Lee Hill, Esq.
P.O. Box 21181
Boulder, Colorado 80308

Dennis L. Blewitt, Esq.
1790 30th Street, Suite 305
Boulder, Colorado 80301

_[signature]_
FOR WHITE AND STEELE, P.C.